# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Santos-Silvas,<br><br>            Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>           Respondents. | No. CV-12-00171-TUC-JGZ (LAB)<br><br>**ORDER** |

On August 6, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 22) recommending that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on March 8, 2012 (Doc. 1), be denied. The R&R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R&R. On August 23, 2013, Petitioner filed Objections to the R&R. (Doc. 24.) For the reasons stated herein, the Court adopts the R&R.

## STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## LEGAL ANALYSIS

Petitioner objects to the R&R on four grounds: (1) the R&R's fact summary incorrectly identifies him as the vehicle's driver and wearer of a "bloody t-shirt," which

Petitioner denies and asserts he is a victim of mistaken identity caused by improper in-court identification; (2) the R&R fails to address the evidentiary issues raised by the "bloody t-shirt," particularly whether the "bloody t-shirt" should be DNA tested; (3) the R&R "ignores" that Petitioner's need for DNA testing justifies an appointment of legal counsel; and (4) the R&R is flawed because it fails to appoint him legal counsel.

Petitioner's first objection misstates the R&R's "case summary"; the R&R does not state he was "wearing a bloody t-shirt." (Doc. 22, p. 2, ln. 5.) Moreover, the R&R's statement that Petitioner was found to be the driver of the vehicle is a direct finding from the Arizona Court of Appeals Memorandum Decision, 2 CA-CR 2008-0165, and this Court finds no error in this reference. *See* 28 U.S.C. § 2254(e)(1); *see also Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009) (finding factual summary of the Arizona Court of Appeals is accorded a presumption of correctness) (internal citation omitted). (Doc. 11-2, p. 23.) As such, Petitioner's factual objection is overruled.

To the extent Petitioner's first and second objections raise evidentiary challenges regarding a "bloody t-shirt" and an alleged failure to DNA test it, this Court notes that Petitioner failed to raise this issue in his § 2254 petition. (Doc. 1.) According to Rule 2(c) of the Rules Governing Section 2254 Proceedings, Petitioner must: (1) specify all the grounds for relief available, (2) state the facts supporting that relief, and (3) state the relief requested. *See* Rule 2(c) (1)-(3), Rules Governing Section 2254 Proceedings. Petitioner's § 2254 petition failed to raise any issue regarding a "bloody t-shirt" or "DNA testing," and he is therefore procedurally barred from raising the issue and cannot now do so as disguised objections to the R&R. For this reason, the Court overrules objections one and two.

Finally, Petitioner's third and fourth objections are similarly beyond the scope of the R&R and raise objections to the Magistrate's August 6, 2013 Order (Doc. 23) denying his request for appointment of counsel. For this reason, this Court will overrule objections three and four.

Accordingly, after an independent review, IT IS HEREBY ORDERED that:

1.  The Report and Recommendation (Doc. 22) is ADOPTED.

2.  Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

3.  The Clerk of the Court shall enter judgment in this matter and close its file.

Dated this 25th day of October, 2013.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge